**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

DAVID M. BRIGHT                              :

    Plaintiff                                    :

v                                                    :          Civil Action No. JFM-09-259

R. HARRIS, *et al*.                              :

    Defendants                              :

o0o

## **MEMORANDUM**

Pending is defendants' motion to dismiss or for summary judgment. Paper No. 23. Plaintiff opposes the motion. Paper No. 26. Upon review of the papers filed the court finds a hearing in this matter unnecessary. *See* Local Rule 105.6 (D. Md. 2008).

### **Background**

Plaintiff claims that his institutional administrative remedy procedure (ARP) complaints were mishandled, depriving him of access to the courts for the underlying claims raised. Plaintiff states he was transferred to Western Correctional Institution (WCI) on September 26, 2007, and not all of his property was under the control of prison officials until October 17, 2007. He states on October 19, 2007, he was taken to North Branch Correctional Institution (NBCI) to have his property inventoried. Upon obtaining his property, plaintiff claims he filed an administrative remedy complaint regarding his television because it was broken.

On September 17, 2008, plaintiff claims defendant Banks removed his word processor, which had memory and stored legal pleadings, including a motion to reopen prior post-conviction matters and a civil matter which was pending in this court. He claims his word processor was in proper working order when Banks removed it from his control and custody, but it was returned broken. He states he discovered from Banks that Officer Nave took the word

processor apart. In light of that information, plaintiff supplemented an earlier filed ARP complaint regarding the damage to his word processor. Plaintiff claims that defendant Harris and an unknown correctional employee intentionally dismissed his ARP complaint concerning the word processor on September 24, 2008, as previously resolved. Plaintiff claims the complaint was dismissed to intentionally deprive him of access to the ARP process. Plaintiff states he was never interviewed or given an opportunity to present evidence of all the legal pleadings contained on the machine. Plaintiff claims this failure is a violation of Division of Correction directives and policies.

Plaintiff claims the intentional mishandling of his ARP complaints denies him access to the courts because prisoners are penalized for failing to exhaust administrative remedy procedures. He also claims the destruction of his property was in retaliation for his exercise of state and federal constitutional rights.

In his amended complaint plaintiff states that in addition to the issues with the ARP procedures, he seeks recovery for damage to his property. Paper No. 8. Plaintiff further claims that correctional officials are endangering his health by bolting the windows shut in the housing units because the dry, recycled air is unhealthy to breathe.

**Non-Dispositive Motions**

Plaintiff filed a motion to reconsider this court's decision to dismiss the complaint as it pertains to Judge Gary Leasure. Paper No. 6. In his motion, plaintiff states that Judge Leasure was aware of the state law requirements regarding exhaustion of administrative remedies and he was aware of the state officials' responsibilities to process the complaints when he dismissed plaintiff's petition for judicial review. Plaintiff states that the judge's decision deprived him access to the Circuit Court for Allegheny County, Maryland. Plaintiff further claims that

injunctive relief against the court's decision is the only meaningful relief he could obtain under the circumstances. As stated previously by this court, Judge Leasure enjoys judicial immunity from civil liability for decisions made in his capacity as a judge. The motion to reconsider shall be denied.

Plaintiff also filed two motions to amend the complaint and a motion to change venue. Paper No. 12 and 14. Plaintiff is entitled to amend the complaint once as a matter of right. *See* Fed. R. Civ. Proc. 15(a). He did so on March 11, 2009. Paper No. 8. Subsequent amendments to the complaint are permitted with the opposing party's consent or with the court's leave which must be freely given where justice so requires. *See* Fed. R. Civ. Proc. 15(a)(2).

Plaintiff seeks to amend his complaint to include a claim against the prison law librarian as well as a claim against PRISM, Inc. Paper No. 12. Plaintiff claims that he was denied proper access to courts because he was not provided with copies of legal materials as required by state law. He states that a case he filed in this court was dismissed due to his lack of access to legal materials informing him of how to properly proceed in the case. *Id*., *citing Bright v. O'Flarety*, Civil Action No. RWT-08-699 (D. Md. 2008). A review of the dispositive decision in that case reveals that the claim was dismissed on the merits. Plaintiff's assertions regarding the failures to provide him with legal materials do not state a claim of denial of access to courts because there is no nexus between the alleged failure to provide the materials and the dismissal of the case. The motion to amend shall be denied.

Plaintiff's second motion to amend and motion to transfer venue seeks to add claims regarding his continued assignment to administrative segregation. Paper No. 14. Plaintiff also seeks to have this case transferred to the southern division of this court. There is no discernible reason for a transfer of venue in this case; plaintiff is not unduly inconvenienced and his request

will be denied. Plaintiff's claims concerning his assignment to segregation based on defendants' assertions that he sexually assaulted other inmates are unrelated to any of the claims raised in the complaint. The motion to amend will be denied without prejudice to plaintiff's ability to file the claims as a separate case.

## Standard of Review

A motion for summary judgment is governed by Fed. R. Civ. P. 56(c) which provides that:

> [Summary judgment] shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).

The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alternation in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually

unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

## Analysis

### Access to Courts

Prisoners have a constitutionally protected right of access to the courts. *See Bounds v. Smith*, 430 U. S. 817, 821 (1977).  However:

> *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims.  The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement.  Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Lewis v. Casey*, 518 U. S. 343, 355 (1996).

"Ultimately, a prisoner wishing to establish an unconstitutional burden on his right of access to the courts must show 'actual injury' to 'the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts.'  *O'Dell v. Netherland*, 112 F. 3d 773, 776 (4th Cir. 1997) *quoting Lewis*, 518 U.S. at 355.  "the requirement that an inmate alleging a violation of *Bounds* must show actual injury derives ultimately from the doctrine of standing, a constitutional principle that prevents courts of law from undertaking tasks assigned to the political branches." *Lewis*, 518 U.S. at 349.

Plaintiff claims that errors made during the handling of his ARP complaints made it impossible for him to exhaust administrative remedies, which in turn prohibits him from filing a claim in court.  With respect to the destruction of his property, plaintiff asserts he can not seek

the adequate post-deprivation remedy provided by the Maryland State Tort Claims Act because the claim was not exhausted administratively. Defendants state that administrative exhaustion is mandatory under the Prison Litigation Reform Act and under Maryland state law. They assert that plaintiff is required to comply with the procedures for filing a claim and his failure to do so is a failure to exhaust. At issue is whether plaintiff's non-compliance was due to his error or, as he alleges, due to efforts by defendants to prevent him from using the procedure.

The record in this case does not support plaintiff's claim that his complaints were deliberately misdirected or dismissed without cause. Plaintiff's ARP concerning damage to his word processor was investigated and the response indicates that the word processor was returned to him in the same condition it was in when it was searched. Paper No. 23 at Ex. 4. Plaintiff's appeal to the Commissioner was returned to him for resubmission and plaintiff was instructed to resubmit the appeal with a copy of the original complaint. Id. at pp. 5—8. When plaintiff filed an appeal to the Inmate Grievance Office it was dismissed because it could not be discerned whether he had properly appealed the complaint to the Commissioner. *Id*. at p. 9. To add to the confusion, plaintiff submitted the same complaint in a separate ARP. *Id.* at Ex. 5. This ARP was dismissed at the institutional level as repetitive and the appeal to the Commissioner affirmed the dismissal. *Id*.

Plaintiff also filed an ARP regarding the ARP procedure. Paper No. 23 at Ex. 6. The complaint was dismissed with an explanation of the procedures in place. *Id*. Plaintiff did not appeal the dismissal. *Id*.

Plaintiff filed an ARP about hot air being recycled through the housing unit and the windows being closed. Paper No. 23 at Ex. 7. At the institutional level the complaint was dismissed and an explanation given that the windows are closed during cooler weather in order

to control the climate inside the housing unit, while during warmer weather the windows are sometimes closed in response to misbehavior by inmates. *Id*. Plaintiff was advised to tell the housing unit manager if the housing unit was too warm. *Id*. Plaintiff appealed to the Commissioner's office and the response was upheld. *Id*. at p. 6. Thus, it appears that plaintiff simply refused to follow the directives requiring resubmission of the claims and it is due to his failure that his claims were not properly exhausted.

Notwithstanding plaintiff's failure to exhaust administrative remedies, his inability to file a petition for judicial review of an administrative agency decision or a tort claim regarding the loss or damage of his property does not state a constitutional claim.[1] *See Lewis v. Casey*, 518 U. S. 343 at 355. Finally, the loss or damage to plaintiff's television and word processor does not state a constitutional claim. *See Parratt v. Taylor*, 451 U. S. 527, 542-44 (1981) (adequate post-deprivation remedy for property claims is sufficient to satisfy due process requirements). Defendants are entitled to summary judgment on this claim.

## Conditions of Confinement

Conditions which "deprive inmates of the minimal civilized measure of life's necessities" may amount to cruel and unusual punishment. *Rhodes v. Chapman*, 452 U. S. 337, 347 (1981). However, conditions which are merely restrictive or even harsh, "are part of the penalty that criminal offenders pay for their offenses against society." *Id*.

> In order to establish the imposition of cruel and unusual punishment, a prisoner must prove two elements - that 'the deprivation of [a] basic human need was *objectively* sufficiently serious,' and that '*subjectively* the officials acted with a sufficiently culpable state of mind.'

*Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995) (emphasis in original; citation omitted).

---

[1] There is no evidence that plaintiff's ability to file a collateral attack of his sentence or a constitutional claim regarding the conditions of his confinement has been impaired by the manner in which his ARPs have been handled.

"[T]o withstand summary judgment on an Eighth Amendment challenge to prison conditions a plaintiff must produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions." *Strickler v. Waters*, 989 F.2d 1375, 1381 (4th Cir.).

Plaintiff presents no evidence of significant physical or emotional injury resulting from the closed windows in the housing unit. Defendants submit plaintiff's medical records for the relevant period of time as evidence that plaintiff has suffered no serious illness as a result of the dry air. Accordingly, defendants are entitled to summary judgment on this claim.

A separate order follows.

August 19, 2009  /s/
Date  J. Frederick Motz
 United States District Judge